**STATE of Minnesota, Respondent,**

v.

**Douglas L. CASWELL, Appellant.**

**No. 81–386.**

Supreme Court of Minnesota.

June 11, 1982.

C. Paul Jones, Public Defender, and Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Kenneth W. Saffold, Sp. Asst. Attys. Gen., St. Paul, Robert W. Kelly, County Atty., Stillwater, for respondent.

OTIS, Justice.

Appellant was found guilty of criminal sexual conduct in the first degree, Minn. Stat. § 609.342(e) (1980) (actor causes personal injury to complainant and uses force or coercion to accomplish sexual penetration), for raping a former woman companion, and was sentenced to 43 months in prison. On appeal he seeks a new trial on the grounds the trial court prejudicially erred (1) in refusing to admit evidence that a short time before the alleged offense the complainant had falsely accused someone else of having raped her; and (2) in giving an instruction on credibility of witnesses which suggested that appellant's testimony merited special scrutiny. We affirm.

Complainant is a young single mother who in the summer of 1979 allowed appellant to live with her and her daughter in complainant's apartment.

Early on September 2, 1980, two weeks after appellant had moved out of the apartment at complainant's request, he returned to find another male friend there. Appellant entered complainant's bedroom, shut the door, and assaulted her. She testified that it was then the rape occurred.

Complainant's friend left the apartment and called the police. They saw complainant screaming in the open window of her bedroom. Appellant was either trying to shut the window or subdue complainant.

The police forced their way into the apartment and found complainant lying nude on the floor by the window, screaming and crying, with blood coming from her lip. Appellant came out of the bathroom wearing only jeans, which he was buckling.

After appellant was arrested, complainant was taken to a hospital for examination. A doctor noted a bruise over her right eye and under her right cheek and a freshly chipped right upper molar. The examination established that sexual intercourse had occurred some time within the previous 6 to 8 hours.

Complainant's daughter and the male friend corroborated much of her testimony. The daughter testified that she observed appellant choke, drag, and kick complainant. The male friend testified that he heard screams and the sound of someone being slapped. Later he heard appellant tell the daughter that if she did not do as appellant told her he would give her "what her mother got."

The defense admitted penetration but claimed it was consensual. Appellant testified that he had sexual intercourse with complainant three times after they broke up and that at the time of the incident he was there in response to her invitation to spend the night. He denied striking her,

claimed he saw no bruises, and suggested she may have inflicted them herself.

■ The defense was allowed to introduce evidence and to cross examine complainant about her prior sexual relationship with appellant. One Michael Wilbert, testified to his relationship with complainant and to the fact she made a false report to the police when they broke up in December 1979. However, the trial court refused to admit evidence that complainant admitted she falsely told appellant Wilberg was involved in a prior rape. It is this ruling which is the main issue on appeal.

Minn.R.Evid. 404(c)(1), which replaced the evidentiary provisions of Minn.Stat. § 609.347, subd. 3, provides:

(c) Past conduct of victim of certain sex offenses.

(1) In a prosecution under Minn.Stats. 609.342 to 609.346 evidence of the victim's previous sexual conduct shall not be admitted nor shall any reference to such conduct be made in the presence of the jury, except by court order under the procedure provided in rule 404(c). Such evidence can be admissable only if the probative value of the evidence is not substantially outweighed by its inflammatory or prejudicial nature and only in the following circumstances:

(A) When consent of the victim is a defense in the case,

(i) Evidence of the victim's previous sexual conduct tending to establish a common scheme or plan of similar sexual conduct under circumstances similar to the case at issue, relevant and material to the issue of consent;

(ii) evidence of the victim's previous sexual conduct with the accused; or

(b) When the prosecution's case includes evidence of semen, pregnancy or disease at the time of the incident or, in the case of pregnancy, between the time of the incident and trial, evidence of specific instances of the victim's previous sexual conduct, to show the source of the semen, pregnancy or disease.

The federal version of the rule, Fed.R. Evid. 412, differs in that it also contains a subsection specifically allowing for admission of a victim's past sexual conduct in all cases in which admission is constitutionally required. Reading such a requirement into our rule, we hold that in this case the trial court properly applied the rule as it reads, but that admission of the evidence was constitutionally required.

The Eighth Circuit holds that any time evidence tends to establish a predisposition to fabricate a charge of rape, the evidence should be admitted unless its potential for unfair prejudice substantially outweighs its probative value. *See United States v. Kasto*, 584 F.2d 268, 271, n.2 (8th Cir. 1978). Any other approach would risk violating the defendant's right to due process, to confront his accusers, and to offer evidence in his own defense. *See Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *State v. Hamilton*, 289 N.W.2d 470 (Minn.1979), and discussion in Berger, *Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom*, 77 Colum.L.Rev. 1, 65–67 (1977), which relies in part upon this court's decision in *State v. Elijah*, 206 Minn. 619, 624, 289 N.W. 575, 578 (1940) ("Cross-examination to show the bias, prejudice, interest, or disposition of the witness to tell the truth as a matter of right, the exercise of which is indispensable to show the truth").

Using the balancing approach in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), it would be difficult to argue that the court's excluding the evidence in question accomplished the state's interest in guarding the complainant's privacy and in protecting her from harassment. The jury could infer from her sexual relationship with appellant the standard of her values. We question whether one who has falsely accused another of rape has standing to claim she is harrassed by evidence of that false accusation. Under the circumstances the potential for unfair prejudice cannot be said to substantially outweigh the probative value of this evidence.

Whether the error was prejudicial depends on the strength of the state's evi-

dence. Here appellant admits that sexual intercourse occurred; there was a fight; when the police arrived complainant was hysterical, was bruised, and bleeding from her lip. The false claim of rape which complainant made to appellant against Wilberg was not made to the police and she did not persist in making it after it became clear that it had negative consequences for Wilberg. Appellant's version of the facts did not jibe with the testimony of other witnesses, particularly with that of the police.

Accordingly we hold that the refusal to admit the impeachment evidence was harmless error beyond a reasonable doubt. *See Watts v. State,* 305 N.W.2d 860, 862 (Minn. 1981).

■ Finally, appellant contends that the trial court prejudicially erred in its instruction on the credibility of witnesses. He refers specifically to this charge:

> Now, if in this case you find that any witness has wilfully testified falsely concerning any material matter, you have a right to distrust the testimony of that witness in other matters and you may, if you wish, reject all or part of the testimony of that witness, or you may give it such weight as you think it deserves.

Appellant asserts that the effect of that instruction was to cast unwarranted doubt on his credibility. Although the instruction is not one favored by the authors of CRIM-JIG[1] it did not single out appellant as did the instruction in *State v. Underwood,* 281 N.W.2d 337 (Minn.1979). We hold appellant is not entitled to a new trial on this ground.

Affirmed.

---

1. *See* comments to section 3.01 and *State v.*     *Schallock,* 281 N.W.2d 186, 188 (Minn.1979).