**Anne BUSHIE, Appellant,**

v.

**CITY OF CROOKSTON, Respondent.**

No. C1–84–2154.

Court of Appeals of Minnesota.

June 4, 1985.

Kenneth F. Johannson, Crookston, for appellant.

Paul R. Oppegard, Moorhead, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Anne Bushie sued Crookston for personal injuries sustained as a result of tripping on a sidewalk.

A jury returned a special verdict finding Bushie 65% causally negligent and Crookston 35% causally negligent and assessed Bushie's damages at $671.90, the amount of her medical expenses. Bushie appeals from the trial court's order denying her motion for judgment notwithstanding the verdict, amended findings, or, in the alternative, a new trial. We affirm.

## FACTS

Bushie and her daughter-in-law were walking on a dry sidewalk in downtown Crookston on a sunny day. Bushie was wearing low-heeled shoes and was not carrying anything other than her purse. She tripped on a one and one-half to two inch gradation between two sidewalk slabs at the joint line and fractured her right foot. Her medical expenses were $671.90. Bushie suffered pain and discomfort, and her activities were restricted as a result of her injury. At the time of trial, Bushie was 68 years old.

The factual issues in dispute at trial focused on causation and damages. Bushie has had several prior injuries. In 1971, she broke her pelvis; this injury caused problems in 1972 with her right leg, ankle, and foot. Three doctors testified on Bushie's behalf, but the doctor who initially treated Bushie after her fall did not testify.

## ISSUES

1. Did the trial court err in excluding photographs of sidewalk repairs made subsequent to the fall?

2. Did the trial court err in denying a new trial on the basis of attorney misconduct?

3. Did the trial court commit reversible error in giving jury instructions on impeachment and false testimony?

4. Was the jury's verdict and apportionment of negligence contrary to the evidence?

## ANALYSIS

### I.

Bushie contends the trial court erroneously excluded photographs taken after Crookston patched the sidewalk joint with tar.

The offered photographs fall within the following exclusionary rule:

When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Minn.R.Evid. 407.

The parties agreed on the condition of the sidewalk at the time of the accident and a simple diagram of the sidewalk was entered into evidence. Crookston did not deny that precautionary measures were

feasible. The photographs were properly excluded.

## II.

Bushie argues that misconduct of Crookston's counsel requires a new trial. First, Crookston's counsel asked Bushie whether her medical expenses had been paid by Medicare. The trial court sustained an objection and instructed the jury to disregard the question.

The second incident occurred during Crookston's final argument. Apparently, Crookston's attorney commented upon Bushie's failure to call her initial treating physician as a witness. Bushie's counsel responded in his closing argument by suggesting that Crookston also had the opportunity to call the physician, but did not do so. After closing arguments, Bushie's attorney made a timely objection to Crookston's counsel's comment. The trial court instructed the jury that no presumption arises from Bushie's failure to call the physician.

A decision whether to grant a new trial on the basis of misconduct of counsel is generally left to the trial court's discretion. *Togstad v. Vesely, Otto, Miller & Keefe*, 291 N.W.2d 686, 696 (Minn.1980). The "court's decision may be reversed only upon a showing of clear abuse of discretion or if conduct was so prejudicial that it would be unjust to allow the result to stand." *Jack Frost, Inc. v. Engineered Building Components Co.*, 304 N.W.2d 346, 352 (Minn.1981).

Here, the trial court instructed the jury to disregard the Medicare comment and to draw no adverse inferences from Bushie's failure to call the physician as a witness. The jury evidently was not prejudiced by the Medicare comment since it awarded Bushie the total amount of her medical expenses. The trial court did not abuse its discretion in refusing to grant Bushie's motion for a new trial based on misconduct of counsel.

## III.

Bushie argues the trial court erred in instructing the jury on the use of impeachment evidence and false testimony. The trial court gave both counsel an opportunity to review the trial court's "boilerplate" instructions before charging the jury. Both counsel declined to do so. Bushie's attorney first objected to the instructions on impeachment evidence and false testimony after the jury had retired to deliberate.

The instruction on impeachment was as follows:

Now in deciding the believability and weight to be given the testimony of a witness, you may consider evidence of a statement by or conduct of a witness on some prior occasion which is inconsistent with his present testimony. This evidence may be considered by you only for the purpose of testing the believability and weight of the witness's testimony, and for no other purpose. However, if the witness is a party in this case, evidence of his prior inconsistent statement or conduct may be considered as evidence bearing upon the issues in this case, as well as for testing believability and weight.

*See* 4 J. Hetland and O. Adamson, Minnesota Practice, JIG II, 24 G–S (1974).

The instruction on false testimony was as follows:

If you find that any witness has willfully testified falsely concerning any material matter, you have the right to distrust the testimony of that witness in other matters, and you may, if you wish, reject all or part of the testimony of that witness, or you may give it such weight as you think it deserves.

*See* 4 J. Hetland and O. Adamson, Minnesota Practice, JIG II, 25 G–S (1974). Bushie's counsel argues it was fundamental error to include these two instructions.

There was evidence that Bushie had made prior inconsistent statements about her medical history and her activities, particularly her hunting activities. The im-

peachment instruction was proper in this case.

 Although the comments to JIG 25 G–S suggest that the false testimony instruction should not be given in the typical case, it was not erroneous for the trial court to do so, since Bushie was not singled out. In *State v. Caswell,* 320 N.W.2d 417 (Minn.1982), the supreme court refused to grant a new trial in a criminal case where the trial court had included the instruction on false testimony because the instruction did not single out the defendant. *Id.* at 420. If the instruction was not error in a criminal case, it certainly cannot be error here.

Even if it was erroneous for the trial court to give an instruction on false testimony, the instruction, taken as a whole, correctly stated the law. *See Hughes v. Ouarve & Anderson Co.,* 338 N.W.2d 422, 426 (Minn.1983). Bushie is not entitled to a new trial on the ground that the jury instructions were prejudicially erroneous.

### IV.

Bushie next challenges the jury's verdict and its apportionment of negligence. A jury will not be reversed unless the verdict or apportionment is "manifestly and palpably contrary to the evidence." *Rieger v. Zackoski,* 321 N.W.2d 16, 24 (Minn.1982) (quoting *Sandhofer v. Abbott-Northwestern Hospital,* 283 N.W.2d 362, 368 (Minn.1979)).

There was sufficient evidence to support the jury's apportionment of negligence. The jury may have considered that the defect in the sidewalk was minor and that Bushie should have been paying closer attention to where she was walking.

The apportionment of negligence prevents Bushie from recovering any damages and we therefore need not reach that issue.

### DECISION

The trial court did not err in excluding photographs of sidewalk repairs made subsequent to a fall.

The trial court did not err in denying a new trial on the basis of attorney misconduct.

The trial court did not commit reversible error in giving jury instructions on impeachment and false testimony.

The jury's verdict and its apportionment of negligence are supported by the evidence.

Affirmed.