STATE of Minnesota, Respondent,

v.

Jeffrey William KROSHUS, Appellant.

No. C3–89–439.

Court of Appeals of Minnesota.

Oct. 31, 1989.

Review Denied Dec. 20, 1989.

Hubert H. Humphrey, III, Atty. Gen., Louise T. Dobbe, Sp. Asst. Atty. Gen., St. Paul, Timothy E.J. Fox, Wilkin County Atty., Breckenridge, for respondent.

C. Paul Jones, State Public Defender, Marie L. Wolf, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by WOZNIAK, C.J., and HUSPENI and RANDALL, JJ., without oral argument.

## OPINION

WOZNIAK, Chief Judge.

Appellant Jeffrey Kroshus was convicted of criminal sexual conduct in violation of Minn.Stat. § 609.344 (1988). On appeal, he contends that he was denied a fair trial

because the trial court excluded evidence that the victim had recounted an earlier incident of sexual abuse prior to making her report of incidents involving him. We disagree and affirm the trial court.

### FACTS

Kroshus' conviction was based on evidence that he had engaged in acts of sexual conduct with a resident of the Wilkin County Group Home sometime between November 1982 and February 1986 while he was employed there. The resident, J.S.R., is a mentally retarded adult whose tests show her to have the mental age of a 7½ year old.

J.S.R. left the group home to live independently under supervision. In November 1987, she was visited by her supportive living arrangement worker. When asked if Kroshus had helped her move into her new apartment, J.S.R. replied that she hated him. She stated that he had "touched her down there" and pointed below her waist. She said it had happened more than once and that she had told no one about it.

The conversation was reported to J.S.R.'s social worker who interviewed her further. J.S.R. told her that Kroshus would come into her room at the group home, "lay on top of her," "take his pants off," and "put it inside her." She could not state how many times it had happened except that it had happened more than once. In later interviews, J.S.R. described the assaults as having occurred in the group home van, her bedroom, the staff bedroom, and the bathroom. After one of the incidents, she reported finding blood in her underpants.

A psychologist specializing in the treatment of developmentally delayed people testified that J.S.R. was not capable of fabricating an intricate story of sexual abuse. She testified that J.S.R. could not function at an abstract level and probably could not consistently make up or keep reporting sexual abuse unless she had experienced it or repeatedly had seen very explicit pornographic material.

Kroshus denied having any sexual contact with J.S.R. Evidence that she had previously told her foster mother and social worker about an earlier incident of sexual abuse was excluded at trial. On cross-examination, defense counsel was allowed to ask J.S.R. whether she had reported an incident of sexual abuse prior to those involving Kroshus and whether an earlier incident had occurred. She denied it. Kroshus' defense was that her statements regarding incidents of sexual contact with him were fabricated.

The jury found Kroshus guilty of third degree criminal sexual conduct. On appeal, he claims that the exclusion of evidence showing that J.S.R. had an alternate source of knowledge about sexual matters violated his right to a fair trial.

### ISSUE

Did the trial court err by excluding evidence that the complainant had recounted an incident of sexual abuse prior to her report of incidents involving appellant?

### ANALYSIS

Evidentiary rulings rest in the discretion of the trial judge and will not be reversed on appeal absent a clear abuse of discretion. *State v. Andersen,* 370 N.W.2d 653, 664 (Minn.Ct.App.1985).

Minnesota Rule of Evidence 404(c), on which the trial court's decision was based, strictly limits the admissibility of evidence of a victim's "previous sexual conduct." *See State v. Hagen,* 391 N.W.2d 888, 891 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Oct. 17, 1986). Rule 404(c) also provides a standard for admitting such evidence solely when consent of the victim is a defense in the case, or the state's case includes evidence of semen, pregnancy, or disease. Minn.R.Evid. 404(c)(1).

Evidence not fitting the two exceptions of Rule 404(c) nonetheless may be admissible under recent Minnesota Supreme Court decisions which recognized that the admission of certain evidence may be constitutionally required. Any evidence tending to establish a predisposition to fabricate a charge of rape should be admitted unless its potential for unfair prejudice outweighs its probative value. *State v. Cas-*

*well,* 320 N.W.2d 417, 419 (Minn.1982). In addition, evidence tending to establish a source of knowledge of or familiarity with sexual matters may be admitted in cases where the jury might otherwise infer that the defendant was the source. *State v. Benedict,* 397 N.W.2d 337, 341 (Minn.1986). Again, the trial court must balance the probative value of the evidence against its potential for unfair prejudice. *Id.*

 Kroshus contends that evidence of J.S.R.'s earlier statements are admissible under *Caswell* and *Benedict* to support his defense of fabrication and to establish an alternate source of sexual knowledge. Without more, evidence that J.S.R. had previously recounted an incident of sexual abuse does not show a predisposition to fabricate a charge of rape. The evidence merely shows an *ability* to fabricate which, otherwise stated, is the same as showing that J.S.R. had sufficient knowledge to make allegations of sexual conduct before the incidents with Kroshus occurred. Therefore, the evidence was not admissible as evidence showing a predisposition to fabricate the charges against him.

However, this is a case where the jury could infer that J.S.R. could not have made the allegations involving Kroshus unless the events she described had occurred. In addition to testimony concerning J.S.R.'s inability to function at such an abstract level, the jury also heard testimony that she was not educated about sexual matters. Evidence that she had previously described an incident of sexual abuse would tend to show that she had a source of sexual knowledge other than the incidents with Kroshus. Thus, under *Benedict,* the evidence was admissible upon a finding that its probative value outweighed its potential for unfair prejudice. The trial court erred in excluding the evidence based solely on Minn.R.Evid. 404(c).

Having determined that the trial court erred in excluding the evidence, we must determine whether the error was so prejudicial as to require reversal. *See State v. Berkelman,* 355 N.W.2d 394, 397 (Minn.1984). If the error is harmless beyond a reasonable doubt, the trial court

must be affirmed. *Caswell,* 320 N.W.2d at 420; *Watts v. State,* 305 N.W.2d 860, 862 (Minn.1981). Whether an error is prejudicial depends on the strength of the state's case. *See State v. Larson,* 389 N.W.2d 872 (Minn.1986).

The state's case was based on J.S.R.'s spontaneous report of sexual abuse and her repeated consistent statements describing the events. In addition, medical testimony indicated that J.S.R. had experienced penile-vaginal penetration and that her hymen had been broken in a forceful manner. Moreover, J.S.R.'s descriptions of the incidents for which Kroshus was convicted included the kind of detail and complexity totally absent from her description of an earlier incident sought to be admitted. Accordingly, the refusal to admit the evidence to show that J.S.R. had a source of knowledge about sexual matters other than appellant was harmless error beyond a reasonable doubt.

### DECISION

The trial court erred in excluding evidence offered to show that the complainant had a source of knowledge about sexual matters other than the defendant. However, we hold that the error was not so prejudicial as to require reversal of his conviction.

Affirmed.