STATE of Minnesota, Respondent,

v.

Ronald Lee JONES, Appellant.

No. C1–92–1180.

Court of Appeals of Minnesota.

April 13, 1993.

Review Denied June 9, 1993.

John M. Stuart, State Public Defender, Lawrence W. Pry, Asst. State Public Defender, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Alan L. Mitchell, St. Louis Coun-

ty Atty., Mark S. Rubin, Asst. County Atty., Duluth, for respondent.

Considered and decided by ANDERSON, C.J., SCHUMACHER and STONE, JJ.

## OPINION

BRUCE C. STONE, Judge.*

This appeal is from a judgment of conviction for one count of first degree criminal sexual conduct and one count of second degree criminal sexual conduct. Minn.Stat. §§ 609.342, subd. 1(a), 609.343, subd. 1(a) (1990). We affirm in part, reverse in part and remand.

## FACTS

Appellant Ronald Jones was charged with criminal sexual conduct against two children, M.V. and L.L., for whom his wife provided day care in 1986 and 1987. Jones, who worked an 11 a.m. to 7 p.m. shift, testified he was never alone with any of the day care children. The jury found him guilty of abusing both L.L., who was about three years old at the time, and M.V., who was around five. The trial court initially found the evidence of abuse of M.V. insufficient, but later vacated its order for judgment of acquittal.

L.L. testified that Jones made him perform oral sex. He testified that Sue Jones once walked into the bathroom while this act was occurring. L.L. also testified that Jones would bang his (L.L.'s) head against the wall.

M.V. testified that appellant would go into the bathroom with him, sometimes to help him "wipe his butt." M.V.'s allegations surfaced after L.L. reported abuse, when police and social workers began interviewing the children. M.V. at first denied anything had happened, then three days later told his mother he had been raped. At his second interview with a social worker and police officer, M.V. said appellant had touched his bottom, and demonstrated with anatomical dolls.

M.V.'s testimony at trial was vague. He testified he did not really know what happened in the bathroom with appellant. He said appellant slapped him "and stuff" while his pants were down, and that when appellant helped him wipe his butt he "would push really hard" in the middle of his butt. M.V. also testified that appellant once showed him a condom while they were in the bathroom and told him it was for safe sex.

The psychologist who treated L.L. testified that in his opinion L.L. had experienced some "psychological impact" from his day care experience at the Jones' house.

M.V.'s therapist testified that M.V. was experiencing post-traumatic stress disorder (PTSD) because of the abuse. She testified this disorder, or a lesser form called "anxiety disorder," was a behavioral symptom of sexual abuse. She testified M.V. was a classic example of PTSD, displaying all of the symptoms.

Jones sought to present evidence of conditions—principally alcoholism—in the victims' families in response to this testimony on PTSD. The trial court allowed only a limited inquiry into the subject.

The prosecutor raised the issue of a prior allegation that Jones had sexually abused his daughter, a charge that had proven false. The trial court stated it did not want to get into that area. However, Jones' daughter was questioned briefly about it. On direct examination, Jones testified he was shocked and upset by the current abuse allegations and attempted suicide for that reason, as well as other problems. On cross-examination, the prosecutor elicited the fact that Jones had not attempted suicide when earlier accused of abusing his daughter. Defense counsel objected and later cited this line of questioning in his motion for a new trial.

The jury found appellant guilty of first degree criminal sexual conduct for the offense against L.L. and guilty of second degree criminal sexual conduct against M.V. Following trial, the court granted appellant's motion to vacate the conviction

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

involving M.V., finding the evidence weak. The court later granted the state's motion for reconsideration. Although still finding the evidence on Count II "vague and somewhat contradictory," the court set aside its earlier order and reinstated the conviction.

## ISSUES

I. Did the trial court prejudicially err in its evidentiary rulings?

II. Is the evidence sufficient to sustain the conviction for second degree criminal sexual conduct as to Count II?

## ANALYSIS

### I.

■ Jones contends the trial court erred in excluding evidence of other possible causes of L.L. and M.V.'s behavioral symptoms, and in allowing questioning regarding a prior false allegation of sexual abuse made against Jones. Evidentiary rulings rest in the discretion of the trial judge and will not be reversed absent a clear abuse of discretion. *State v. Kroshus,* 447 N.W.2d 203, 204 (Minn.App.1989), *pet. for rev. denied* (Minn. Dec. 20, 1989).

■ Evidence of psychological or emotional conditions symptomatic of sexual abuse is admissible. *State v. Myers,* 359 N.W.2d 604, 610–11 (Minn.1984). Such evidence may be admitted through the testimony of a sufficiently qualified expert. *Id.* The state presented such expert testimony, principally through M.V.'s therapist. The defense in cross-examination asked only whether there were other possible causes for the same symptoms. This was an inadequate foundation upon which to admit evidence of alcoholism and other conditions in the victims' families. The jury would have had no basis except its own speculation to conclude those specific conditions could have caused the symptoms. The trial court did not abuse its discretion in limiting this evidence because it lacked adequate foundation. *Cf. State v. Erickson,* 454 N.W.2d 624, 627 (Minn.App.1990) (exclusion of expert testimony on unwanted children proper where there was insufficient foundation

that the victim fit within that category), *pet. for rev. denied* (Minn. May 23, 1990).

■ However, the most troubling aspect of this case involves the introduction of evidence by the prosecution of a false allegation of sexual misconduct by Jones upon his daughter about a year before the filing of charges in this case. The state contends the evidence was admissible because Jones testified he had attempted suicide following the current charges because they were false. Evidence of a defendant's suicide attempt following the charged offense has been admitted as showing a consciousness of guilt. *See, e.g., State v. Ackerman,* 380 N.W.2d 922, 924–25 (Minn.App.1986). However, even if Jones' suicide attempt was properly admitted as showing consciousness of guilt, his failure to attempt suicide following a false allegation was evidence of nothing. The state's line of questioning concerning the prior allegation only invited unfair jury speculation that the charge was actually true.

Errors in admitting evidence may be harmless if they did not substantially influence the jury to convict. *State v. Darveaux,* 318 N.W.2d 44, 48 (Minn.1982). We conclude that on the count involving L.L., the evidence was strong and not seriously challenged. The chance that the verdict was the result of unfair prejudice is slight. On the count of second degree criminal sexual conduct involving M.V., the evidence was weak, described by the trial judge as "so weak and contradictory" as to require the verdict be set aside. The error was not harmless as to the verdict on this count.

### II.

Jones argues the evidence in any event that he engaged in sexual conduct with M.V. is insufficient to sustain his conviction on that count. We address this issue because if the evidence is insufficient on that count, Jones may not be retried for it. *Burks v. United States,* 437 U.S. 1, 15–16, 98 S.Ct. 2141, 2149–50, 57 L.Ed.2d 1 (1978).

■ This court, in reviewing a challenge to the sufficiency of the evidence, must assume the jury believed the state's

witnesses and disbelieved contrary evidence. *State v. Bias*, 419 N.W.2d 480, 484 (Minn.1988). This court must view the evidence and any reasonable inferences that could be drawn from it in a light most favorable to the state. *Id.*

 The testimony of M.V. was somewhat vague, although it clearly indicated that appellant had touched his buttocks. "Sexual contact" is defined as "the intentional touching * * * of the complainant's intimate parts" "with sexual or aggressive intent." Minn.Stat. § 609.341, subd. 11(a)(i) (1990). The "intimate parts" include the buttocks. Minn.Stat. § 609.341, subd. 5 (1990).

In *State v. Kraushaar*, 459 N.W.2d 346, 353 (Minn.App.1990), this court held that the child's testimony that her father touched her on her butt, "where he's not supposed to touch me," was "not detailed or specific enough to clearly implicate sexual activity." The supreme court reversed, finding the evidence of second degree criminal sexual conduct sufficient. *State v. Kraushaar*, 470 N.W.2d 509, 513 (Minn. 1991). Although the matter is close, we conclude that under *Kraushaar* the evidence was sufficient to convict. The trial court initially made a finding to the contrary, which is troubling but not determinative. Jones does not challenge the trial court's power to vacate its earlier judgment of acquittal so we need make no determination in this respect.

### DECISION

As to Count II, the prosecution prejudicially erred in pursuing questioning concerning a prior false allegation of sexual abuse by appellant and the trial court erred by permitting it.

**Affirmed in part, reversed in part and remanded.**