**IN THE COURT OF APPEALS OF IOWA**

No. 14-1629
Filed February 21, 2018

**HERBERT HENRY BROWN,**
    Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR POLK COUNTY,**
    Defendant.
_____

Certiorari to the Iowa District Court for Polk County, Rebecca Goodgame Ebinger, Judge.

Herbert Brown challenges the legality of his sentence. **WRIT ANNULLED.**

John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**DANILSON, Chief Judge.**

Herbert Brown was convicted of possession of a controlled substance with intent to deliver (heroin) as an habitual offender and as a second or subsequent offender. *See State v. Brown*, No. 12-0016, 2013 WL 1452965, at *1 (Iowa Ct. App. Apr. 10, 2013). On direct appeal, we affirmed his conviction and sentences, rejecting Brown's contention the court had failed to give adequate reasons for the imposition of consecutive sentences. *Id.* at *3-4.

Brown later challenged his sentence, contending it was illegally enhanced. The district court rejected his claim, and Brown now appeals.

Because there is no appeal as a matter of right from the denial of a motion to correct an illegal sentence, *see State v. Propps*, 897 N.W.2d 91, 96 (Iowa 2017), the supreme court treated Brown's notice of appeal as a petition for writ of certiorari, *see id.* at 97, granted the writ, and transferred the matter to this court.

Brown was convicted of violating Iowa Code section 124.401(1)(c)(1) (2011), which makes it illegal, in relevant part, to possess less than one hundred grams of heroin with the intent to deliver. This is a class "C" felony. *See* Iowa Code § 124.401(1)(c). As an habitual offender, *see id.* § 902.8, Brown faced an indefinite term not to exceed fifteen years, *see id.* § 902.9(1)(c). However, because Brown had a prior felony drug conviction in Minnesota, the penalty for the current offense was tripled pursuant to Iowa Code section 124.411(1) and (2), resulting in a forty-five-year sentence. Brown asserts the tripling of his fifteen-year sentence is illegal as a matter of law.

Section 124.411provides:

(1) Any person convicted of a second or subsequent offense under this chapter [controlled substances], may be punished by imprisonment for a period not to exceed three times the term otherwise authorized, or fined not more than three times the amount otherwise authorized, or punished by both such imprisonment and fine.

(2) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to the person's having been convicted of the offense, the offender has ever been convicted under this chapter or under any state or federal statute relating to narcotic drugs or cocaine, marijuana, depressant, stimulant, or hallucinogenic drugs.

(3) This section does not apply to offenses under section 124.401, subsection 5.

Brown seizes upon the language in subsection three and argues the sentencing enhancement "does not apply to" his prior Minnesota possession conviction because the Minnesota conviction was equivalent to a conviction under section 124.401(5).

Reading section 124.411 in its entirety, it is clear the term "offense" is used to refer only to the current conviction. We came to the same conclusion in *State v. Cornish*, No. 04-1004, 2005 WL 839632, at *1 (Iowa Ct. App. Apr. 13, 2005) (affirming sentence tripled under Iowa Code section 124.411 based on a prior felony drug conviction in Nebraska for possession of a controlled substance (methamphetamine)).

Here, the current offense is Brown's conviction for possession with intent to distribute heroin. Under subsection two, the instant offense is considered a second or subsequent offense if, prior to Brown having been convicted of possession with intent to distribute heroin, Brown "*has ever been convicted . . . under any state . . .* statute relating to narcotic drugs or cocaine, marijuana, depressant, stimulant, or hallucinogenic drugs." Iowa Code § 124.411(2)

(emphasis added). Brown has a prior conviction under a Minnesota statute relating to marijuana. Thus, his current offense is a second or subsequent offense and the enhancement is applicable. *See State v. Owens*, 635 N.W.2d 478, 486 (Iowa 2001) (stating the "intended breadth of the statute is thus clear" and concluding a previous Iowa conviction for failure to affix a drug tax stamp constituted "any state or federal statute relating to narcotic drugs" and, thus, the sentencing enhancement under section 124.411 was applicable).

Section 124.411(3) states the section—or, in other words, the enhancement in section 124.411(1)—does not apply to violations of section 124.401(5) because section 124.401(5) has a separate enhancement provision. *See* Iowa Code § 124.401(5) ("A person who commits a violation of this subsection and who has previously been convicted of violating this chapter or chapter 124B or 453B, or chapter 124A as it existed prior to July 1, 2017, is guilty of an aggravated misdemeanor. A person who commits a violation of this subsection and has previously been convicted two or more times of violating this chapter or chapter 124B or 453B, or chapter 124A as it existed prior to July 1, 2017, is guilty of a class "D" felony."). We note the enhancement language in section 124.401(5) does not apply to Brown as his Minnesota conviction was a *felony* level conviction. Brown's interpretation of section 124.411 would result in his prior felony conviction being treated as a misdemeanor, subject to enhancement, which would be nonsensical.[1]

---

[1] Brown also raises an equal protection argument, claiming someone with an out-of-state conviction is treated differently than someone with an in-state conviction. However, because there is a reasonable construction that avoids constitutional doubt—the term "offense" in section 124.411(3) refers to the current conviction—we need not decide the

In a pro se brief, Brown also contends his sentence constitutes cruel and unusual punishment, he was improperly denied a jury trial on the issue of whether this was his second or subsequent offense, and trial counsel was ineffective. Brown's constitutional claims are reviewed de novo. *See State v. Oliver*, 812 N.W.2d 636, 639 (Iowa 2012).

Brown's claim that his punishment is cruel and unusual is grounded upon his argument above—that this conviction was not a second or subsequent offense. But we have rejected that claim already. In any event, to determine whether Brown's sentence is grossly disproportionate to his crime, a three-step test developed in *Solem v. Helm*, 463 U.S. 277, 296-300 (1983), is applied. "The first step in this analysis, sometimes referred to as the threshold test, requires a reviewing court to determine whether a defendant's sentence leads to an inference of gross disproportionality." *Id.* at 647. "This preliminary test involves a balancing of the gravity of the crime against the severity of the sentence." *Id.* (citation omitted). Only if the threshold test is satisfied does a court proceed to steps two and three of the analysis.[2] *See id.* at 650 ("If the sentence does not create an inference of gross disproportionality, then 'no further analysis is necessary.'" (citation omitted)). We need not do so here.

constitutional issue. *See Simmons v. State Pub. Def.*, 791 N.W.2d 69, 74 (Iowa 2010) ("Only if the statute can bear no reasonable construction that avoids constitutional doubt do we proceed definitively to decide the constitutional issue.").

[2] These steps require the court to engage in an intrajurisdictional analysis—"comparing the challenged sentence to sentences for other crimes within the jurisdiction"—and an interjurisdictional analysis—"comparing sentences in other jurisdictions for the same or similar crimes." *Oliver*, 812 at 647 (citations omitted). The first factor poses a high burden for Brown. *See State v. Bruegger*, 773 N.W.2d 862, 873 (Iowa 2009) ("[I]t is a 'rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.'" (citation omitted)). Here, Brown has not provided any comparison of his sentence and sentences for a similar crime in other jurisdictions.

We acknowledge Brown's sentence is lengthy. However, we are reminded that "[l]egislative determinations of punishment are entitled to great deference." *Bruegger*, 773 N.W.2d at 872-73. Moreover, we concur with the sentencing court's conclusion that Brown has a lengthy criminal history in addition to this—his second—felony drug conviction. As our supreme court has recognized, "a recidivist offender is more culpable and thus more deserving of a longer sentence than a first-time offender." *See Oliver*, 812 N.W.2d at 651; *see also Solem*, 463 U.S. at 296 ("[A] State is justified in punishing a recidivist more severely than it punishes a first offender."). This case is not the "rare" circumstance where the sentence was so grossly disproportionate to the crime to warrant further review. *See Oliver*, 812 N.W.2d at 650.

As for Brown's claims about various procedural deficiencies occurring before sentencing, these claims do not amount to an attack on an illegal sentence and are not subject to our review. *See Bruegger*, 773 N.W.2d at 872 (noting "challenges to an illegal sentence include whether '[t]he punishment meted out was . . . in excess of that prescribed by the relevant statutes, multiple terms were . . . imposed for the same offense, . . . [or] the terms of the sentence itself [were] legally or *constitutionally invalid* in any other respect'" (alterations in original) (quoting *Hill v. United States*, 368 N.W.2d 424, 430 (1962)).

**WRIT ANNULLED.**