Henry E. JACKSON,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C8-89-1070.

Court of Appeals of Minnesota.

Oct. 31, 1989.

C. Paul Jones, State Public Defender, Susan J. Andrews, Asst. Public Defender, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Thomas L. Johnson, Hennepin County Atty., Linda K. Jenny, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by WOZNIAK, C.J., and HUSPENI, and RANDALL, JJ., without oral argument.

## OPINION

HUSPENI, Judge.

Following a trial by jury, appellant Henry E. Jackson was convicted of criminal sexual conduct in the fourth degree in violation of Minn.Stat. § 609.345(1)(b) (1986) and sentenced to the mandatory minimum of 36 months. On appeal from the denial of his petition for postconviction relief, appellant contends the trial court erred on four evidentiary rulings and also that he was denied his right to effective counsel. We affirm.

## FACTS

In October 1986, 14-year-old M.A. ran away from home and moved in with appellant Jackson's wife and daughter, H.B. Although appellant was living elsewhere, M.A. met him because he visited where she was staying regularly.

On October 20, 1986, M.A. and Jackson's son went to visit appellant at appellant's bait shop in Minneapolis. M.A. went down to the basement of the bait shop with appellant to look at some trains he kept there.

M.A. testified that she sat down on a mattress and appellant laid her back, unbuttoned her shirt, unfastened her bra and began rubbing lotion on her breasts and stomach. Appellant then unbuttoned and unzipped her pants and put his hand in her underwear. At the time, M.A. was con-

cerned she might be pregnant. After telling M.A. he was going to check if she was pregnant, appellant put his finger in her vagina. M.A. told him she would rather see a doctor but appellant persisted, saying he wanted to know for himself.

M.A. testified about a similar incident which occurred a couple of weeks later at appellant's farm where M.A. had gone with appellant and his son to help clean. She felt obligated to do so because appellant had bought her some clothes.

Upon arriving at the farm, M.A. discovered there were only two beds for three people. Appellant told M.A. she was supposed to sleep with him. Although M.A. "knew it wasn't right," she slept in the same bed with appellant, wearing all of her clothes. Nothing happened that night. Appellant and M.A. again slept in the same bed the next night. Appellant began to unbutton M.A.'s pants and shirt, and again put his finger in her vagina. M.A. told him to stop and pretended her heart was "acting up" to get him to stop.

Upon returning to Minneapolis, M.A. told H.B.'s aunt about what happened at the farm. M.A. went to the police in December 1986. At trial, appellant admitted he was with M.A. at both the bait shop and the farm, but denied that he sexually abused M.A. and claimed she was lying.

## ISSUES

1. Did the trial court err in allowing appellant's daughter to testify regarding appellant's sexual abuse of her when she was a child?

2. Did the trial court err by allowing the state to impeach appellant with his prior conviction for first degree intrafamilial sexual abuse?

3. Did the trial court err in admitting testimony regarding appellant's sexual preference for younger girls?

4. Did the trial court err in excluding evidence of victim's previous sexual conduct?

5. Was appellant denied his right to effective assistance of counsel?

## ANALYSIS

*Standard of Review*

■ The burden is on appellant to prove by a preponderance of the evidence the facts alleged in his petition for post-conviction relief. Minn.Stat. § 590.04, subd. 3 (1988). "An appellate court must evaluate whether the evidence is sufficient to support the trial court's post-conviction findings." *Herme v. State*, 384 N.W.2d 205, 207 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. May 22, 1986). This court will affirm the denial of postconviction relief if the findings are supported by sufficient evidence. *Id.*

### I. Testimony Regarding Appellant's Sexual Abuse of His Daughter

Appellant's daughter was allowed to testify that appellant, her natural father, sexually abused her from 1980–1982 when she was 10–12 years old. The jury was given two cautionary instructions as to the limited purpose of this *Spreigl* evidence. Appellant argues that this evidence is more prejudicial than probative.

The admission of other crimes is within the discretion of the trial court. *State v. Campbell*, 367 N.W.2d 454, 460 (Minn. 1985). Minn.R.Evid. 404(b) provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

"Evidence of prior sexual misconduct in cases involving sex crimes against minors is admissible to show a common scheme pursuant to Minn.R.Evid. 404(b) * * *." *State v. Spencer*, 366 N.W.2d 656, 660 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. July 11, 1985).

■ To be admissible, the evidence of the defendant's participation in other crimes must be clear and convincing, relevant and material to the state's case, and the probativeness of the evidence must out-weigh its potential for unfair prejudice. *Spencer* at 660 (citing *Ture v. State*, 353 N.W.2d 518, 521 (Minn.1984)).

■ The evidence presented by appellant's daughter shows a common scheme under which appellant would develop trust with young, vulnerable girls in order to perform sexual acts on them. The trial court did not abuse its discretion in permitting this testimony. Any prejudice was minimized by the trial court's cautionary instruction at the time the evidence was introduced and again at the close of the case.

### II. Admission of Prior Conviction

Appellant testified at trial. Pursuant to the trial court's pretrial ruling, evidence of his prior conviction for first degree intrafamilial sexual abuse involving his daughter was presented to the jury.

Evidence of a prior conviction within the last ten years is admissible to impeach a witness's credibility if the crime involved dishonesty or false statement, or if the crime was punishable by death or imprisonment exceeding one year and the court finds the probative value of the evidence outweighs its prejudicial effect. Minn.R. Evid. 609. Weighing probative value and prejudicial effect is a matter left to the trial court's discretion. *State v. Bias*, 419 N.W.2d 480, 487 (Minn.1988). The trial court's decision will not be overturned absent a clear abuse of discretion. *Id.*

The trial court must consider five factors in its decision:

> (1) the impeachment value of the prior conviction; (2) the date of the conviction and defendant's subsequent history; (3) the similarity of the prior conviction with the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.

*Id.; State v. Jones*, 271 N.W.2d 534, 538 (Minn.1978).

■ The third factor, similarity between the prior conviction and the charged crime, presents the most difficulty here. Generally, the similarity of the crimes is a factor which weighs against allowing the use of

the prior conviction to impeach. *State v. Bettin*, 295 N.W.2d 542, 546 (Minn.1980). "The danger when the past crime is similar to the charged crime is that the likelihood is increased that the jury will use the evidence substantively rather than merely for impeachment purposes." *Id.*

■ Despite this ever present danger, the supreme court has stated that where "the issue for the jury narrows to a choice between defendant's credibility and that of one other person—then a greater case can be made for admitting the impeachment evidence * * *." *Id. Accord Bias*, 419 N.W.2d at 488. This is such a case. The jury here had to choose to believe either appellant or M.A.

The other *Jones* factors must also be considered. Although a prior conviction of a sex crime has less bearing on veracity or honesty than many other crimes, *Bias*, 419 N.W.2d at 487; *Bettin*, 295 N.W.2d at 546, it has nonetheless been deemed probative of credibility. *State v. Brouillette*, 286 N.W.2d 702, 708 (Minn.1979). Appellant concedes that the prior conviction, less than five years old at the time of trial, had not lost its relevance due to the passage of time.

The trial court did not abuse its discretion in admitting the impeachment evidence.

### III. Testimony Regarding Appellant's Sexual Preference for Younger Girls

■ During direct examination in the state's case-in-chief of the mother of appellant's eight-year-old son, the following colloquy occurred:

Q. [Prosecutor]: Has the [appellant] ever told you that he has any kind of preference sexually for younger girls?

A. [Witness]: Yes, he has.

Q. [Prosecutor]: What do you recall him telling you about that?

A. [Witness]: He told me that when he takes a younger girl to bed it's easier for him [than] to go to bed with an older woman.

Appellant objected at trial to such testimony and argues that it is irrelevant, overly prejudicial, and is character evidence clothed as an admission.

Rulings on the admission of evidence are addressed to the sound discretion of the trial court. *E.C.I. Corp. v. G.G.C. Co.*, 306 Minn. 433, 437, 237 N.W.2d 627, 630 (1976). Although an admission by a party-opponent is admissible non-hearsay evidence under Minn.R.Evid. 801(d)(2), the statement at issue was not, in fact, an admission. Appellant did not tell the witness that he had had any sexual contact with M.A. Rather, the statement of his general sexual preference for younger girls reveals a specific trait of appellant's character.

Under Minn.R.Evid. 404(a)(1), evidence offered by the prosecution of character traits of the accused is not admissible to prove that the accused acted in conformity therewith on a specific occasion unless and until the accused has opened the door by offering evidence of good character.

As stated in *State v. Sharich*, 297 Minn. 19, 209 N.W.2d 907 (1973):

It is well settled that the prosecution may not attempt to establish the bad character of the defendant until the defendant has put that character in issue by offering evidence of good character. By voluntarily testifying in his own behalf, the accused opens up only the issue of his credibility, not his general character. A general denial by the defendant that he did a particular kind of act is insufficient to put his character into issue. Furthermore, unless the defense offers evidence of good character, the state may not attack the defendant's character in respect to the trait involved in the crime alleged at bar.

*Id.*, 209 N.W.2d at 911 (citations omitted). *Accord State v. Martin*, 256 N.W.2d 85 (Minn.1977); *State v. Turner*, 307 Minn. 284, 239 N.W.2d 468 (1976).

In this case, appellant had not offered evidence establishing his good character, thus he had not opened the door by putting his character at issue. Furthermore, the evidence had little probative value in that the statement had nothing to do with appel-

lant's sexual contact with M.A. Yet, given the context of this case, it certainly had potential to be prejudicial. The trial court erred in admitting this evidence, and we must determine whether such error requires reversal of appellant's conviction.

■ "Justice does not demand an error-free trial, for the crucial inquiry is whether, considering the record as a whole, the error was prejudicial to the result." *State v. White*, 295 Minn. 217, 225, 203 N.W.2d 852, 858 (1973). The jury, with or without the admission of testimony of appellant's sexual preference for younger girls, would have known of appellant's sexual contact with younger girls through the properly admitted testimony of appellant's daughter regarding sexual abuse of her, and the prior conviction arising out of that abuse. We conclude the error was harmless.[1] *See, e.g., State v. Demmings*, 310 Minn. 152, 246 N.W.2d 31 (1976).

### IV. Evidence Regarding Victim's Previous Sexual Conduct

Appellant sought to question M.A. about possible prior sexual abuse of her and her possible previous involvement in prostitution. Appellant claimed that such evidence was relevant to his defense that M.A. fabricated the allegations against him and to demonstrating the source of M.A.'s knowledge about sexual matters. The trial court refused to permit such an inquiry.

The postconviction court found that the three-day notice requirement of Minn.Stat. § 609.347, subd. 4 (1988) (the rape-shield law) had not been complied with and that appellant failed to show good cause for waiver of that notice requirement. Further, that court found that the admission of the disputed evidence was not constitutionally required.

■ Generally, evidence of a victim's previous sexual conduct shall not be admitted nor shall any reference to such conduct be made in the presence of a jury. Minn. Stat. § 609.347, subd. 3. However, such evidence is admissible if its probative value is not substantially outweighed by its inflammatory or prejudicial nature, *and* only where (1) the consent of the victim is a defense in the case, or (2) the state's case includes such physical evidence as semen, pregnancy, or disease. Minn.Stat. § 609.347, subd. 3; Minn.R.Evid. 404(c). The statute includes a three-day notice requirement (unless later for good cause shown) which an accused must meet in requesting that evidence of a victim's previous sexual conduct be introduced. *See* Minn.Stat. § 609.347, subd. 4. Minn.R. Evid. 404(c) provides for similar procedure.

This case involves neither a consent defense nor physical evidence of semen, pregnancy, or disease. Nonetheless, evidence which does not fit into either of these two exceptions may be admissible where it is constitutionally required. *See State v. Benedict*, 397 N.W.2d 337 (Minn.1986); *State v. Caswell*, 320 N.W.2d 417 (Minn. 1982). In making this determination, the court must balance the state's interest in guarding the victim's privacy and protecting her from harassment against the accused's constitutional right of confrontation, *id.* at 419 (applying the balancing approach of *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)). The court must also balance the probative value of the evidence against its potential for unfair prejudice. *Benedict*, 397 N.W.2d at 341; *Caswell*, 320 N.W.2d at 419.

■ We find no error in the trial court's determination that testimony of M.A.'s previous sexual conduct would be more prejudicial than probative. This is not a case where the jury would likely infer that M.A.'s knowledge about sexual matters could have been obtained only from the alleged incidents with appellant. M.A. made no claim to previous chastity, *State v. Carpenter*, 447 N.W.2d 436 (Minn.Ct.App.

---

1. Although we conclude here that the error was harmless, we do not establish a general rule of harmless error in admission of this type of evidence in cases where there is already properly admitted *Spreigl* and prior conviction evidence. The appropriate standards must be applied to determine whether an accused has been denied a fair trial or whether the jury was allowed to convict on the basis of propensity to commit the crime rather than actual guilt. *See State v. Haala*, 415 N.W.2d 69, 77–78 (Minn.Ct. App.1987).

**436**

1989). There is nothing in the record to indicate that evidence of her previous sexual conduct would have demonstrated her propensity to lie or be biased or prejudiced, or to harbor ulterior motives relating to sexual matters or to appellant.

### V. *Right to Effective Assistance of Counsel*

Appellant claims his trial attorney failed to zealously represent him and he was prejudiced as a result. Postconviction courts and appellate courts must apply a two-part test in determining whether to grant a defendant a new trial on the ground of ineffective assistance of counsel. The defendant must affirmatively prove that his counsel's representation "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). In determining whether, appellant has made the requisite showing of prejudice, the court must consider the totality of the evidence before the judge or jury. *Id.*, 466 U.S. at 695–96, 104 S.Ct. at 2068–69.

In addressing the allegations asserted by appellant, the postconviction court made specific findings, which are supported by the record, negating the allegations. After examining the record and applying the *Strickland* test, our holding is that appellant was not denied his right to effective assistance of counsel.

### DECISION

Affirmed.