**STATE of Minnesota, Respondent,**

v.

**Charles Theodore BATES, Appellant.**

**No. C0-93-77.**

Court of Appeals of Minnesota.

Nov. 2, 1993.

Review Denied Dec. 27, 1993.

Hubert H. Humphrey III, Atty. Gen., St.
Paul, James C. Backstrom, Dakota County

Atty., James M. Crow, Asst. County Atty., Hastings, for respondent.

Philip G. Villaume, Kyle D. White, Bloomington, Peter N. Thompson, St. Paul, for appellant.

Considered and decided by SHORT, P.J., and PARKER and LANSING, JJ.

## OPINION

SHORT, Judge.

Charles Theodore Bates was convicted of two counts of first and second degree criminal sexual conduct for acts committed against two gymnastic students, eight-year-old C.E. and twelve-year-old J.W. On appeal, Bates argues he was denied a fair trial due to: (1) ineffective trial counsel; (2) denial of his request for a continuance of the trial date; (3) prosecutorial misconduct; (4) erroneous evidentiary rulings; (5) failure to instruct the jury on a lesser included crime; (6) admittance of improperly seized evidence; and (7) upward sentencing departure. We affirm.

## FACTS

While attending college, Bates worked part-time as a gymnastics instructor and coach at a gymnastics school in Eagan. Two of his male gymnastic students, C.E. and J.W., accused him of sexual abuse between June 1990 and June 1991. During that time, Bates lived in C.E.'s home. Bates had no previous criminal history.

C.E. claims Bates touched his penis on two occasions, once while they were reading together on C.E.'s bed, and once after Bates pulled down C.E.'s pants. He also claims Bates talked to him about babies and sex, kissed him and rubbed his back while in bed together at a gymnastics meet in Illinois, and told him not to talk to anyone about those encounters. Bates admits he talked to C.E. about sex, comforted him when the boy awoke from a bad dream during the trip to Illinois, and witnessed C.E. pull his own pants down. But Bates denies any wrongdoing and claims he touched C.E.'s thighs as a sign of encouragement when the two were reading together on C.E.'s bed.

J.W. claims he was the victim of touching, mutual fondling, and sexual penetration by Bates when he stayed overnight at C.E.'s house. Bates admits he and J.W. slept in the same bed, but denies J.W.'s allegations of sexual contact.

Bates was charged with criminal sexual conduct involving both C.E. and J.W. A jury returned guilty verdicts of first degree criminal sexual conduct as to J.W. and second degree criminal sexual conduct as to C.E. The trial court sentenced Bates to 133 months in prison.

## ISSUE

Did Bates receive a fair trial on charges of sexual conduct against C.E. and J.W.?

## ANALYSIS

### I.

Without benefit of an expanded record, Bates argues he is entitled to a new trial because his trial counsel was ineffective. The appropriate way to raise an ineffective assistance of trial counsel claim is to seek a postconviction hearing before an appeal. *Fratzke v. State,* 450 N.W.2d 101, 102 n. 3 (Minn.1990); *State v. Buchanan,* 431 N.W.2d 542, 553 (Minn.1988); *State v. Cermak,* 350 N.W.2d 328, 332 n. 5 (Minn.1984). To gain a new trial on this ground, Bates must demonstrate: (a) the conduct or errors of counsel were unreasonable; and (b) those errors constitutionally prejudiced him. *Dunn v. State,* 499 N.W.2d 37, 38 (Minn.1993) (quoting *State v. Eling,* 355 N.W.2d 286, 293 (Minn.1984)). *See also Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) (defendant must show counsel's representation fell below an objective standard of reasonableness).

The record demonstrates Bates' trial counsel: (a) obtained disclosure of all police reports and psychological reports of the victims; (b) made numerous pre-trial motions, including a demand for disclosure, a notice to remove the judge, a motion to dismiss, and motions in limine relating to out-of-court statements; (c) discussed potential witnesses with Bates; (d) investigated one victim's

background; and (e) aggressively defended Bates' rights and interests at trial. When Bates first raised the issue of ineffective assistance of counsel on posttrial motions, the trial court said:

This matter was tried for ten days before the Court and jury and at no time did the Court discern any lack of attention or lack of diligence on the part of counsel in her representation of the defendant. Throughout the whole trial at all stages she repeatedly consulted with the defendant and at all times was on top of the proceedings and in full command of her case. Admittedly, she was physically handicapped due to her reliance on a walker but in the Court's view this physical disability in no way interfered with her handling of her case in a thoroughly professional manner.

We have considered each of the alleged errors committed by Bates' trial counsel and are satisfied that Bates received reasonable representation throughout the proceedings. Many of the actions Bates criticizes represent trial tactics and not attorney incompetence. *See State v. Rainer,* 502 N.W.2d 784, 788 (Minn.1993) (appellate court will not review defense counsels' trial tactics such as decisions to call certain witnesses). In addition, the state's case against Bates was strong because both victims testified about the sexual abuse, Bates testified that he fantasized about young boys, his co-worker testified that Bates admitted being attracted to young children and abusing one young boy, and a pornographic magazine depicting men raping young boys was found in Bates' possession. Given this evidence, there is no reasonable probability that the alleged errors affected the outcome of the trial.

## II.

■ The decision to grant a continuance is vested in the sound discretion of the trial court. *State v. Miller,* 488 N.W.2d 235, 239 (Minn.1992). In determining whether the trial court acted within its discretion in denying a motion for continuance, we look to whether the defendant was so prejudiced in preparing or presenting his defense as to "materially affect the outcome of the trial."

*Id.* (quoting *State v. Lloyd,* 345 N.W.2d 240, 247 (Minn.1984)).

■ Bates argues the trial court erred in denying a second continuance of the trial date. The record shows: (a) the trial court granted a two-month continuance after defense counsel's accident; (b) defense counsel conducted extensive trial preparation prior to her accident and was prepared for trial; (c) by affidavit, Bates claims his counsel requested a continuance during the July 17 telephone conference; (d) the prosecutor denies that defense counsel made such a request; and (e) the trial court's order issued as a result of the July 17 telephone conference does not mention a second request for a continuance. Given the record available on a direct appeal, we cannot say the trial court committed reversible error by denying any alleged second request for a continuance of the trial date.

## III.

■ The trial court is in the best position to evaluate the effect of prosecutorial misconduct. The trial court's determination should be reversed only where the misconduct viewed in light of the whole record appears to be inexcusable and so serious and prejudicial that defendant's right to a fair trial was denied. *State v. Scruggs,* 421 N.W.2d 707, 716 (Minn.1988).

■ Bates argues the prosecutor engaged in prejudicial misconduct by characterizing him as a pedophile, a member of a sex offender therapy group, and a homosexual. Character evidence is not admissible to prove actions consistent with that character unless the defendant first introduces character evidence. Minn.R.Evid. 404(a). The trial court determined the questions at issue were not inadmissible character evidence, but instead were relevant to Bates' intent and credibility. *See State v. Schweppe,* 306 Minn. 395, 403, 237 N.W.2d 609, 615 (1975) (evidence of defendant's homosexual past admissible because relevant to proof of his motive); Minn. R.Evid. 401.

As to Bates' "interest" in young children, we agree with the trial court. Criminal sexual conduct involves acts committed for the

purpose of satisfying the actor's sexual or aggressive impulses. Minn.Stat. § 609.341, subd. 11 (1992). Bates testified he did not have sexual contact with the victims, and any touching was accidental. Given that testimony, evidence of Bates' sexual interest in young children was relevant to prove whether an element of the crime was present in his contact with C.E. and J.W.

■ During cross examination, the prosecutor asked Bates whether there were "other sex offenders" in his therapy group. The trial court sustained defense counsel's objection and the prosecutor immediately rephrased his question. The court later allowed the prosecutor to refer to Bates' therapy group as a "sex offender group," ruling that testimony showed Bates had no criminal record but there were sex offenders in his therapy group. After reviewing the record, we conclude the prosecutor's reference to Bates as a member of a sex offender therapy group was not so prejudicial as to deny Bates a fair trial. *State v. Wahlberg*, 296 N.W.2d 408, 420 (Minn.1980).

■ Because of its prejudicial character, evidence of homosexuality may be properly introduced only if it is relevant to the charged crime. *State v. Diamond*, 308 Minn. 444, 448, 241 N.W.2d 95, 99 (1976); *Schweppe*, 237 N.W.2d at 615. In this case, the evidence was improperly introduced because homosexuality is not relevant to the crime charged. The belief that homosexuals are attracted to prepubescent children is a baseless stereotype. *See United States v. Gillespie*, 852 F.2d 475, 478–79 (9th Cir.1988) (evidence of homosexuality in prosecution involving child molestation is "extremely prejudicial" and not relevant to the offense charged); Note, *An Argument for the Application of Equal Protection Heightened Scrutiny to Classifications Based on Homosexuality*, 57 S.Cal.L.Rev. 797, 821–24 (1984) (belief that homosexuals are attracted to children is a baseless and prejudicial stereotype); *see also Watkins v. United States Army*, 875 F.2d 699, 725 (9th Cir.1989) (Norris, J., concurring) (baseless stereotypes cause discrimination against homosexuals), *cert. denied*, 498 U.S. 957, 111 S.Ct. 384, 112 L.Ed.2d 395 (1990); *Cohn v. Papke*, 655 F.2d

191, 194 (9th Cir.1981) (possibility of prejudicial effect of evidence of homosexuality is great since jury may be influenced by biases and stereotypes); *United States v. McDowell*, 30 M.J. 796, 799 (A.F.C.M.R.1990) (admitting evidence of homosexuality introduces a "powerful potential for abuse through whatever biases and stereotypes exist in regard to homosexuality"). Whether Bates is sexually attracted to adult men is irrelevant to whether he was sexually interested in young C.E. and J.W.

■ After a careful review of the whole record, we conclude that the prosecutor's reference to Bates' sexual preference was not so prejudicial as to deny Bates a fair trial. *Wahlberg*, 296 N.W.2d at 420. The combination of Bates' own testimony about the nature of his sexual fantasies and psychiatric treatment, the testimony from the two victims, and the testimony from Bates' co-worker created ample evidence to prevent the prosecutor's misconduct from having any prejudicial effect. *See State v. Loebach*, 310 N.W.2d 58, 64–5 (Minn.1981) (statements that might constitute misconduct are not inherently prejudicial where there is substantial evidence to support the conviction).

### IV.

■ Rulings on evidentiary matters generally rest within the sound discretion of the trial court. *State v. Olkon*, 299 N.W.2d 89, 101 (Minn.1980), *cert. denied*, 449 U.S. 1132, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981). Even if the trial court errs in an evidentiary ruling, "[a] reversal is warranted only when the error substantially influences the jury to convict." *Loebach*, 310 N.W.2d at 64.

■ Bates argues the trial court erred in admitting the victims' out-of-court statements because the statements were untrustworthy. We disagree. The record shows: (a) the statements were consistent; (b) there was no motive to fabricate; (c) the victims' mental state and terminology were appropriate, and (d) the children did not agree with everything they were independently asked. These indicia of reliability are not negated by the officer's leading questions to C.E. *See Idaho v. Wright*, 497 U.S. 805, 818, 110 S.Ct.

3139, 3148, 111 L.Ed.2d 638 (1990) (particularized guarantees of trustworthiness of testimony is derived from a totality of the circumstances). The trial court acted within its discretion in admitting the out-of-court statements.

## V.

 The decision whether to instruct the jury on lesser offenses lies within the trial court's discretion. *State v. Shepherd*, 477 N.W.2d 512, 516 (Minn.1991). If the evidence provides a rational basis for an acquittal on the offense charged and a conviction on the lesser offense, the trial court should instruct the jury on the lesser offense. *Id.*

 Bates argues the trial court erred by failing to instruct on criminal sexual conduct in the second degree as to J.W. We disagree. First, Bates never requested the lesser included offense instruction and thus waived any right to raise the issue on appeal. *State v. Berry*, 309 N.W.2d 777, 785 (Minn. 1981). Second, there was no basis for submitting the instruction where Bates denied that sexual contact occurred with J.W. Either Bates was guilty of first degree based on J.W.'s testimony or he was entitled to an acquittal based on his own testimony. The trial court properly instructed the jury.

## VI.

Minnesota law codifies the constitutional requirement that search warrants be issued only for probable cause, and be:

supported by affidavit, naming or describing the person, and particularly describing the property or thing to be seized, and particularly describing the place to be searched.

Minn.Stat. § 626.08 (1992); *see also* Minn. Const. art. I, § 10; U.S. Const. amend. IV. The test of whether the description of the premises is sufficient is if it enables the executing officer to "locate and identify the premises with reasonable effort" and with no "reasonable probability that [other premises] might be mistakenly searched." *State v. Gonzales*, 314 N.W.2d 825, 827 (Minn.1982) (quoting *United States v. Gitcho*, 601 F.2d

369, 371 (8th Cir.), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979)).

 Bates argues the search warrant of his apartment violated his fourth amendment rights because it lacked sufficient particularity. We disagree. The record demonstrates: (a) the warrant described the premises as "a duplex located at 2806 Pleasant Avenue, S., on the lower level," and continued, "if it is found that suspect lives in the upper level instead of the lower, a search of that be made instead;" (b) Bates told the booking officers that he was living in the lower level of the duplex for only one week; (c) when the officers executed the warrant, Bates' roommate and landlord said that Bates occupied the first-floor bedroom and basement room; (d) the officers easily located Bates' room; (e) the warrant listed the correct address; and (f) the description did not confuse the officers. The warrant therefore was sufficiently particular to satisfy the requirements of the state and federal constitutions.

## VII.

 The trial court has broad discretion in sentencing, and will not be reversed absent a clear abuse of discretion. *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981). The issue before a trial court in deciding whether to depart durationally is "whether the defendant's conduct was significantly more or less serious than that typically involved in the commission of the crime in question." *Holmes v. State*, 437 N.W.2d 58, 59 (Minn.1989) (quoting *State v. Back*, 341 N.W.2d 273, 276 (Minn.1983)). A trial court must provide written reasons for departing from the guidelines. Minn.Sent.Guidelines II.D. The departure will be affirmed even if the reasons given are inadequate as long as there is sufficient evidence in the record to justify departure. *Williams v. State*, 361 N.W.2d 840, 844 (Minn.1985).

 Bates argues the trial court abused its discretion by sentencing him to 133 months in prison. He received the presumptive sentence of 91 months for first degree criminal sexual conduct, and twice the presumptive 21–month sentence for second degree criminal sexual conduct. Minn.Sent.Guidelines IV. Consecutive sen-

**854**

tencing is not a departure when there are multiple criminal felonies against different victims. Minn.Sent.Guidelines II.F.2. The only sentencing departure occurred when the trial court doubled the presumptive sentence for Bates' conviction of second degree sexual conduct.

The trial court based that departure on Bates' planning and manipulation that led to the commission of the crime. *See State v. Kindem,* 338 N.W.2d 9, 17–18 (Minn.1983) (citing planning as an aggravating factor), *cert. denied,* 466 U.S. 974, 104 S.Ct. 2352, 80 L.Ed.2d 825 (1984); Minn.Sent.Guidelines II. D.2. Other aggravating factors evident in the record include: (a) Bates violated C.E.'s zone of privacy; (b) Bates used his position of trust as a teacher to gain access to the eight-year-old victim; and (c) C.E. suffers severe psychological injury as a result of the sexual abuse. *See State v. Johnson,* 450 N.W.2d 134, 135 (Minn.1990) (departure justified by the fact that defendant invaded victim's zone of privacy); *State v. Bingham,* 406 N.W.2d 567, 570 (Minn.App.1987) (departure justified by fact that defendant abused a position of trust and victim suffered severe psychological injury). Under these facts, we cannot say the trial court abused its discretion in sentencing Bates.

### CONCLUSION

Bates received reasonable representation throughout the trial. The trial court did not commit reversible error by: (a) denying an alleged second request for a continuance; (b) admitting evidence; (c) instructing the jury; or (d) sentencing Bates. While reference to Bates' homosexuality was irrelevant to the crime charged, the error was harmless in view of the overwhelming evidence supporting conviction.

**Affirmed.**