**STATE of Minnesota, Respondent,**

v.

**Terrance W. HANSON, Appellant.**

**No. C3-93-1434.**

Court of Appeals of Minnesota.

April 5, 1994.

Robert D. Sicoli, Thompson, Lundquist & Sicoli, Ltd., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James A. Terwedo, Scott County Atty., Thomas J. Harbinson, First Asst. County Atty., Shakopee, for respondent.

Considered and decided by LANSING, P.J., and RANDALL and AMUNDSON, JJ.

**OPINION**

LANSING, Judge.

This appeal from conviction for fourth-degree sexual conduct challenges the district

court's jury instruction that the state was not required to prove coercion and also challenges the sufficiency of the evidence on use of authority to cause the complainant to submit. We affirm.

## FACTS

A jury found Terrance Hanson guilty of one count of criminal sexual conduct in the fourth degree for sexual contact with R.E., a seventeen-year-old female. Hanson owns Eagle Creek Stables where R.E. applied for work in spring 1991. R.E. told Hanson that she was sixteen at the time she applied and was hired.

The criminal sexual conduct conviction is based on R.E.'s testimony of an incident that occurred in July 1991. R.E. was talking with friends on the porch at work when Hanson approached and told her to get on his shoulders. Hanson instructed the other girls to return to work, carried R.E. up the stairs, sat down on a chair, and guided R.E. onto his lap. Hanson placed his hands under R.E.'s shirt and, after touching her back, reached underneath her bra and touched her breasts. While touching her breasts, Hanson said "I'd like to get my lips on those." R.E. did not reply, and Hanson ended the conduct when a delivery truck drove into the driveway. Another employee saw part of the conduct and testified that R.E. looked uncomfortable. R.E. was seventeen at the time of the incident, and Hanson was forty.

R.E. also testified that a number of times Hanson touched her inner thigh a few inches from her crotch while she was sitting in the lounge. A woman who used the stables testified that she saw Hanson touch R.E. on the inner thigh near her crotch and that R.E. looked angry when Hanson touched her.

The district court instructed the jury that, to find Hanson guilty, it must find that he was in a position of authority over R.E. and used that position of authority to cause R.E. to submit. The court also instructed the jury that sexual contact could include coercion, but that coercion was not a necessary element of the charge against Hanson. The court defined coercion for the jury. In response to a jury inquiry, the district court repeated that the jury had to find that Hanson was in a position of authority and used that authority to cause R.E. to submit. The jury returned a guilty verdict on the fourth-degree criminal sexual conduct charge.

## ISSUES

I. Did the district court err in instructing the jury that the state was not required to prove coercion as an element of fourth-degree criminal sexual conduct under Minn. Stat. § 609.345, subd. 1(e) (1990)?

II. Was the evidence sufficient to support a conviction for criminal sexual conduct in the fourth degree?

## ANALYSIS

### I

█ A person is guilty of criminal sexual conduct in the fourth degree when a person "engages in sexual contact with another person" and the following circumstances exist:

the complainant is at least 16 but less than 18 years of age and the actor is more than 48 months older than the complainant and in a position of authority over the complainant, and uses this authority to *cause* the complainant to submit.

Minn.Stat. § 609.345, subd. 1(e) (1990) (emphasis added). The accused person can use neither mistake as to the complainant's age nor consent to the act by the complainant as a defense. *Id.*

Hanson argues that the trial court erred by instructing the jury that the state was not required to prove coercion. Absent an instruction that coercion must be proved, Hanson contends that the court should not have referred to or defined coercion. Hanson further argues that he was prejudiced by the trial court's ruling that he could not argue to the jury that the state failed to show coercion.

█ A trial court has "considerable latitude" in selecting language for jury instructions. *Alholm v. Wilt,* 394 N.W.2d 488, 490 (Minn.1986). In order to show prima facie evidence of error, a party must show an instruction contained a "material misstatement of law when read in the context of the

instructions as a whole." *State v. Turnipseed,* 297 N.W.2d 308, 312 (Minn.1980).

■ Hanson was convicted for violating subdivision 1(e) of Minn.Stat. § 609.345. This subdivision requires use of authority to cause a complainant to submit, but does not require coercion. Earlier versions of comparable statutory provisions required the state to show that the actor was in a "position of authority over the complainant and use[d] this authority to *coerce* the complainant to submit." *See, e.g.,* Minn.Stat. § 609.345(b) (1980) (emphasis added). Courts construing this language in criminal sexual conduct cases stated coercion was an element of the offense. *See, e.g., State v. Bird,* 292 N.W.2d 3, 4 (Minn.1980) (criminal sexual conduct in the first degree); *State v. Danielski,* 348 N.W.2d 352, 354 (Minn.App.) (same), *pet. for rev. denied* (Minn. July 26, 1984).

■ Use of authority to *coerce* a complainant to submit and use of authority to *cause* a complainant to submit encompass potentially different types of conduct. "Coerce" usually involves an element of force that is not necessarily required to "cause" a person to submit. Coercion is defined by statute as words or circumstances inducing fear of bodily harm, confinement, or force. Minn.Stat. § 609.341, subd. 14 (1990); *see generally State v. Day,* 501 N.W.2d 649, 651–52 (Minn.App.1993).

There is no statutory definition for "use of authority to cause a complainant to submit." The plain meaning of the phrase, however, implies acquiescence because of the authority but not necessarily because of a threat or situation that creates fear of harm, confinement, or force. This difference in meaning is reflected in the statutory structure that imposes criminal responsibility for using a position of authority to cause submission for complainants between thirteen and eighteen, but requires the higher standard of coercion or force when the complainant is eighteen or older. *See* Minn.Stat. § 609.345, subd. 1(b), (c), (e).

The district court correctly instructed the jury that coercion was not an element of fourth-degree criminal sexual conduct when the conduct was charged under Minn.Stat. § 609.345, subd. 1(e). The instructions may have included some unnecessary, potentially confusing language. The additional language did not unduly distort the instruction, however, because the court also instructed the jury that in order to find Hanson guilty, it must find he was in a position of authority and used that authority to cause R.E. to submit. The court reiterated this point when the jury asked questions during the deliberations. On the whole the instructions did not misstate the law. *See Turnipseed,* 297 N.W.2d at 312.

**II**

■ Hanson also challenges the sufficiency of the evidence to show that he used his position of authority to cause R.E. to submit. When examining the sufficiency of the evidence, an appellate court is limited to ascertaining whether, given the facts and proper inferences drawn from the facts, the jury could reasonably conclude the defendant was guilty. *Turnipseed,* 297 N.W.2d at 313. If the jury, acting with due regard for the presumption of innocence and the state's burden of proof, could reasonably have found the defendant guilty, then the verdict should not be reversed. *Id.*

The reported cases addressing use of authority to cause a complainant to submit have included a wide range of conduct. *See State v. Hall,* 406 N.W.2d 503, 504 (Minn.1987) (causing a complainant to submit by warning her to be quiet or she would be killed); *see also State v. Ford,* 397 N.W.2d 875, 877 n. 1 (Minn.1986) (suggesting, prior to statute's effective date, that a teacher granting special privileges could "cause the complainant to submit"); *Jackson v. State,* 447 N.W.2d 430, 432 (Minn.App.1989) (upholding conviction for criminal sexual conduct in the fourth degree for contact that did not involve coercion).

The evidence is sufficient to support the jury's conclusion that Hanson used his position of authority as R.E.'s employer to cause her to submit to the sexual contact. The sexual contact took place on the work premises. Hanson was operating within the employment relationship when he approached R.E., told her to get on his shoulders, and ordered the other girls to return to work.

R.E. testified that she did not say anything to Hanson when he touched her breasts because she was embarrassed and afraid. She also testified that she did not want anyone to know about the incident and that she liked working at Eagle Creek. When asked about a time when Hanson touched her inner thigh and whether Hanson was joking around, R.E. testified "[w]ell, he thought he could get away with it, so I guess it was a joke to him." A jury could infer from these facts that Hanson used his position of authority to get R.E. to submit. *See Turnipseed*, 297 N.W.2d at 313.

## DECISION

The trial court did not err in instructing the jury that the state was not required to prove coercion, but was required to prove use of authority to cause the complainant to submit. The evidence was sufficient for the jury to find that Hanson used his position of authority to cause R.E. to submit.

**Affirmed.**

RANDALL, Judge (concurring specially)

I concur in the result.