**STATE of Minnesota, Respondent,**

v.

**Clinton David FERO, Appellant.**

No. A07–353.

Court of Appeals of Minnesota.

April 22, 2008.

Lori Swanson, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Helen R. Brosnahan, Assistant County Attorney, Hastings, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, Steven P. Russett, Assis-

tant Public Defender, St. Paul, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; WORKE, Judge; and COLLINS, Judge.*

## OPINION

WORKE, Judge.

On appeal from a conviction of third-degree criminal sexual conduct, appellant argues that (1) the evidence was insufficient to prove that he was in a position of authority over the victim; and (2) because the sexual conduct occurred away from the work place at a time when appellant was not in a position of authority, the conduct did not, as a matter of law, constitute third-degree criminal sexual conduct. We affirm.

## FACTS

In September 2005, appellant Clinton David Fero was the assistant manager at a restaurant and was the direct supervisor of A.J., who worked as a cook. Appellant supervised the cooks, set work schedules, was involved in the hiring and disciplining of employees, and was generally in charge of the day-to-day operations of the restaurant. Appellant was 26 years old, and A.J. was 16 years old.

On September 2, 2005, A.J. was working at the restaurant. Appellant was not scheduled to work; however, due to a large volume of orders, he went in to help. After work, appellant, A.J., and two other individuals went to another restaurant. Appellant and A.J. then went to the home of one of the other individuals, where appellant gave A.J. beer. A.J. drank approximately four or five bottles of beer. The group engaged in general conversation,

and appellant talked to A.J. about how he should improve his behavior at work.

At some point, appellant and A.J. began kissing. Appellant suggested that they go into a bedroom, where appellant performed oral sex on A.J. A.J. testified that he went along with the behavior because he believed it would be better for him at work; in the past if he rebuffed appellant's flirting at work, appellant would become angry and take negative actions against A.J. A.J. testified that he believed appellant would likely terminate him if he rejected appellant's advances so he went along with it to make appellant happy. After the incident, A.J. went into the bathroom and told another individual in the home what had happened. A.J. then retrieved his clothes and left. A.J. was scheduled to work several days later; however, he did not report to work and was terminated.

Appellant was charged with third-degree criminal sexual conduct. Appellant waived his right to a jury trial and stipulated to venue, age elements, and that he sexually penetrated A.J. The only dispute was whether appellant was in a position of authority over A.J. at the time of the act. Following a court trial, the district court found appellant guilty based on the fact that appellant was in a position of authority over A.J. when the act occurred. The district court found that appellant was in a position of authority over A.J. because:

A. [Appellant] supplied A.J., a minor, with four to five alcoholic beverages before and during the sexual encounter with A.J.

B. [Appellant], as the Assistant Manager at the pizza restaurant where both he and A.J. were working on September 2, 2005, had the authority to assign work

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

hours to employees, including A.J., and had the authority to effectively recommend that disciplinary action could be taken against certain employees including A.J. Indeed, when A.J. did not report for work on September 4, 2005, [appellant] announced that A.J. had been terminated from employment.

C. Although other management personnel and the owner of the pizza restaurant had the authority to veto or change supervisory decisions made by [appellant] with respect to employees, including A.J., there was no evidence that [appellant's] decisions with respect to assignment of work hours were ever overridden by any other managerial personnel.

The district court concluded that "[o]ne does not lose his or her coercive power to cause a victim to submit to sexual misconduct by virtue of his or her position of authority simply because the misconduct occurs after work hours or off the work site." The district court further concluded that, "[t]o hold otherwise, could result in the statute not being uniformly applied in certain cases where the misconduct was equally egregious." This appeal follows.

## ISSUE

Did the district court err in concluding that appellant held a position of authority over the victim at the time of the offense?

## ANALYSIS

■ The facts of this case are undisputed. The sole issue on appeal is whether appellant held a position of authority over A.J. at the time the sexual act occurred. Whether a statute has been properly construed is a question of law subject to de novo review. *State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996).

Appellant was convicted of third-degree criminal sexual conduct.

A person who engages in sexual penetration with another person is guilty of criminal sexual conduct in the third degree if any of the following circumstances exists:

. . . .

(e) the complainant is at least 16 but less than 18 years of age and the actor is more than 48 months older than the complainant and in a position of authority over the complainant. Neither mistake as to the complainant's age nor consent to the act by the complainant is a defense[.]

Minn.Stat. § 609.344, subd. 1(e) (2004). A "position of authority"

includes but is not limited to any person who is a parent or acting in the place of a parent and charged with any of a parent's rights, duties or responsibilities to a child, or a person who is charged with any duty or responsibility for the health, welfare, or supervision of a child, either independently or through another, no matter how brief, at the time of the act. For the purposes of subdivision 11, "position of authority" includes a psychotherapist.

Minn.Stat. § 609.341, subd. 10 (2004). Whether a position of authority arising from an employment relationship carries over to incidents of sexual misconduct off the work premises is an issue of first impression in Minnesota. The closest we have come to addressing this issue was in *State v. Mogler,* in which a police officer was charged with third-degree criminal sexual conduct for acts that occurred while he was on-duty. 719 N.W.2d 201, 204–05 (Minn.App.2006). In *Mogler,* we declined to address whether a police officer is always in a position of authority and held that the definition of "position of authority," as an element of third-degree criminal sexual conduct, is not unconstitutionally vague. *Id.* at 208–09.

There is no question that appellant held a position of authority over A.J. while on the work premises. " 'Position' indicates either a person's social standing or employment while 'authority' refers to the 'power to enforce laws, exact obedience, command, determine, or judge.' " *Id.* at 207 (quoting *American Heritage Dictionary* 121, 1369 (4th ed.2000)). It is reasonable to conclude that an employer is charged with the duty or responsibility for the health, welfare, or supervision of a child in his or her employ. *See State v. Hall*, 406 N.W.2d 503, 503–04, 506 (Minn. 1987) (reinstating criminal-sexual-conduct conviction based in part on fact that appellant held a position of authority over the victim, a babysitter hired to watch his children); *State v. Larson*, 520 N.W.2d 456, 461 (Minn.App.1994) (affirming criminal-sexual-conduct convictions based in part on appellant's position of authority over the victim, his niece), *review denied* (Minn. Oct. 14, 1994); *State v. Hanson*, 514 N.W.2d 600, 603 (Minn.App.1994) (affirming criminal-sexual-conduct conviction based in part on fact that appellant was in a position of authority over the victim, his employee, for acts that occurred on the work premises); *State v. Bates*, 507 N.W.2d 847 (Minn.App.1993) (affirming sentencing departure for criminal-sexual-conduct conviction based in part on fact that appellant, a gymnastics instructor, held a position of authority over the victim, a gymnastics student, even though the acts did not occur during the lessons), *review denied* (Minn. Dec. 27, 1993); *State v. Willette*, 421 N.W.2d 342, 346 (Minn.App.1988) (determining criminal-sexual-conduct conviction could be had based in part on fact that appellant held a position of authority over the victim, an unrelated child residing with him), *review denied* (Minn. May 16, 1998).

The issue is whether appellant was in a position of authority "at the time of the act." Minn.Stat. § 609.341, subd. 10. Appellant was A.J.'s direct supervisor and had the power to enforce work rules and exact obedience. The act occurred after work hours at the home of another restaurant employee. Appellant gave A.J. beer and engaged A.J. in a discussion regarding ways in which he could improve his behavior at work. A.J. testified that he went along with appellant's advances because he was worried that he would be terminated if he refused. We conclude that at the time of the act, appellant was in a position of authority over A.J. The fact that the act occurred off the work premises does not relieve appellant from his position of authority. *See Bates*, 507 N.W.2d at 854 (holding that gymnastics teacher abused his position of trust even though the abuse did not take place during the lessons). The district court correctly concluded that one does not lose his or her coercive power to cause a victim to submit to sexual misconduct by virtue of his or her position of authority simply because the misconduct occurs after work hours or off the work premises.

## DECISION

Because an individual in a position of authority arising from an employment relationship may maintain that position of authority when he or she engages in sexual misconduct outside of work hours and off the work premises, the district court did not err in finding that appellant was in a position of authority over A.J. and convicting him of third-degree criminal sexual conduct.

**Affirmed.**